**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-CV-61957-AUGUSTIN-BIRCH**

**ERNEST RASHEEN ADMIRAL,**

**Plaintiff,**

**v.**

**THE EPISCOPAL CHURCH OF SAINT MARK THE EVANGELIST, INC., *et al.*,**

**Defendants.**
__________________________________________/

**ORDER GRANTING DEFENDANTS' JOINT MOTION**
**TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

This cause comes before the Court on Defendants the Episcopal Church of Saint Mark the Evangelist, Inc. and Right2Protect, LLC's Joint Motion to Dismiss Plaintiff Ernest Rasheen Admiral's Second Amended Complaint. The Motion to Dismiss is fully briefed at docket entries 31, 33, and 34.[1] The Court has carefully reviewed the briefing and the record and is fully advised in the premises. For the reasons set forth below, the Motion to Dismiss [31] is **GRANTED**, and the Second Amended Complaint [DE 29] is **DISMISSED** without prejudice and with leave to amend one final time.

## I. Background

The Court dismissed the First Amended Complaint as a shotgun pleading and because it failed to state a claim upon which relief could be granted. DE 27. Plaintiff has significantly narrowed his claims through the Second Amended Complaint.

[1] At docket entries 35 and 36, Plaintiff filed sur-replies to the Motion to Dismiss that the Court had not authorized. The sur-replies at docket entries 35 and 36 are **STRICKEN**.

In Count I, he pleads a claim of a hostile work environment under Title VII of the Civil Rights Act of 1964 against Defendants, entities he alleges are his former joint employers. He alleges that he worked as a security officer and was assigned to Saint Mark's Episcopal School from about October 2023 to August 1, 2025. DE 29 ¶ 11. Beginning around March 2024, a co-worker made "repeated unwelcome physical contact" such as "touching Plaintiff's lower back, upper back, [and] shoulders," made "comments about Plaintiff's body," and "made sexually suggestive gestures and asked intrusive personal questions." *Id.* ¶¶ 12–14. Plaintiff reported the co-worker's conduct to four individuals in June 2024, and they advised him to avoid contact with the co-worker and to "report the issue to school administration." *Id.* ¶¶ 15, 21. His "complaint was not escalated to human resources or higher-level decision-makers, and no formal investigative process was initiated." *Id.* ¶ 22. The co-worker's "conduct escalated after the report and occurred nearly daily for approximately two to three weeks" before decreasing in frequency, although it "continued periodically through at least June 2025." *Id.* ¶ 18. During this time, Plaintiff "actively attempted to avoid" the co-worker, including by "repositioning himself" and leaving when the co-worker approached. *Id.*

In Counts II and III, Plaintiff pleads retaliation claims against Defendants under Title VII and under the Florida Civil Rights Act ("FCRA"). He alleges that his employment was terminated on August 1, 2025. *Id.* ¶¶ 40, 45. He was told that the termination of his employment was due to a contract issue. *Id.* ¶ 41. He also later learned that an individual stated his employment was terminated because he lied to a parent. *Id.* ¶ 48. But he believes that his employment was terminated because he had reported the co-worker's harassment and because, between March and July 2024, he had reported the presence of unauthorized magazines on the school campus. *Id.* ¶¶ 26–27, 73–74. Then in October 2025, after Plaintiff initiated this lawsuit, Defendants

reported him to law enforcement as a potential threat after he posted an image on social media. *Id.* ¶¶ 52–53, 74. The image had been taken during training at the school, Defendants knew that the image was taken during a training, and law enforcement later determined that Plaintiff did not pose a credible threat. *Id.* ¶¶ 54–55, 58–59. Defendants move to dismiss the three counts in the Second Amended Complaint.

## II. Legal Standard

A court liberally construes a *pro se* pleading, holding it to a less stringent standard than a pleading that an attorney drafted. *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1334 (11th Cir. 2022). But the court does not have "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *In re Ellingsworth Residential Cmty. Ass'n*, 125 F.4th 1365, 1377 (11th Cir. 2025) (quotation marks omitted). The *pro se* complaint "must still comply with the Federal Rules of Civil Procedure and provide some factual support to plausibly state its claims." *Nezbeda v. Liberty Mut. Ins. Corp.*, 789 F. App'x 180, 182 (11th Cir. 2019).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading must contain more than labels, conclusions, a formulaic recitation of the elements of a cause of action, and naked assertions devoid of further factual enhancement. *Id.* Before dismissing a complaint without leave to amend, a court must give a *pro se* party one opportunity to amend if a more carefully drafted complaint might state a claim. *Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023).

## III. Analysis

The Court examines whether Plaintiff has stated a claim under Title VII for a hostile work environment and then examines whether he has stated a retaliation claim under Title VII and the FCRA.

### A. Hostile Work Environment

To prevail on a claim under Title VII for a hostile work environment, a plaintiff must show that he "suffered unwelcome harassment, that it was based on a protected characteristic, and that it was sufficiently severe or pervasive to alter the terms and conditions of [his] employment and create an abusive working environment." *Harris v. Pub. Health Tr. of Mia.-Dade Cnty.*, 82 F.4th 1296, 1302 (11th Cir. 2023) (quotation marks omitted). "Title VII's test . . . is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 809 (11th Cir. 2010) (quotation marks omitted). "The paradigm of sexual harassment as federally prohibited employment discrimination occurs when an employee's expressed terms of employment, such as salary or continued employment, are conditioned upon compliance with the employer's sexual demands." *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999). "The employee must subjectively perceive the harassment as sufficiently severe and pervasive to alter the terms or conditions of employment, and this subjective perception must be objectively reasonable." *Id.* at 1246 (quotation marks omitted). Simple teasing, offhand comments, and isolated incidents generally do not change the terms and conditions of employment. *Stancombe v. New Process Steel LP*, 652 F. App'x 729, 734 (11th Cir. 2016).

Plaintiff has not stated a claim of a hostile work environment for at least two reasons. First, he does not plead facts showing that he was subject to harassment based on a protected

characteristic. He alleges that he was "subjected to unwelcome physical and verbal conduct based on sex," but that allegation is conclusory and unsupported with factual allegations. DE 29 ¶ 67. Plaintiff does not plead facts demonstrating that the co-worker harassed him because of his sex.

Second, Plaintiff does not plead facts showing that the harassment was sufficiently severe or pervasive so as to alter the terms and conditions of his employment. Plaintiff alleges that, for a period of about three months, a co-worker made physical contact, comments, and gestures and asked personal questions. *Id.* ¶¶ 12–14, 18. Plaintiff attempted to avoid the co-worker during this time. *Id.* ¶ 18. Aside from his irritation at the co-worker's conduct and his efforts to avoid the co-worker, Plaintiff does not identify any interference with his employment or job performance. He alleges that the co-worker's "conduct was severe or pervasive, creating a hostile work environment that interfered with Plaintiff's ability to perform his duties," but that allegation is conclusory and unsupported with factual allegations. *Id.* ¶ 68. Plaintiff does not plead facts demonstrating that the harassment was such that the terms and conditions of his employment were altered. For these two reasons, Plaintiff's claim of a hostile work environment is dismissed for failure to state a claim upon which relief can be granted.

**B. Retaliation**

A retaliation claim under the FCRA is analyzed under the same framework as a retaliation claim under Title VII. *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1271 (11th Cir. 2010). To establish retaliation under Title VII, a plaintiff must show that he participated in an activity protected by Title VII, that he suffered an adverse employment action, and that there is a causal connection between his participation in the protected activity and the adverse employment action. *Pipkins v. City of Temple Terrace, Fla.*, 267 F.3d 1197, 1201 (11th Cir. 2001). "Statutorily protected expression includes internal complaints of sexual harassment to superiors as well as

complaints lodged with" the Equal Employment Opportunity Commission. *Id.* An adverse employment action against a former employee is an action that "work[s] a serious and material change in the former employee's terms and conditions of employment." *Waters v. Home Depot U.S.A., Inc.*, 159 F. App'x 943, 944 (11th Cir. 2005).

Plaintiff alleges that he engaged in the protected activities of reporting his co-worker's harassment and reporting the presence of unauthorized magazines on the school campus. DE 29 ¶ 73. He alleges that Defendants took the adverse employment actions of terminating his employment and reporting him to law enforcement. *Id.* ¶ 74. As an initial matter, reporting unauthorized magazines is not statutorily protect activity that could support a retaliation claim. If Plaintiff's employment was terminated because he reported unauthorized magazines, then the termination could not be retaliatory. Further, Defendants' report to law enforcement *after* Plaintiff's employment was terminated was not an adverse employment action that could support a retaliation claim. Plaintiff does not make any allegations showing that the report to law enforcement worked a serious and material change to any terms and conditions of his employment.

But in any event, Plaintiff has not stated a retaliation claim because he does not plead facts showing a causal connection between any protected activity and any adverse employment action. He alleges that a "causal connection exists between Plaintiff's protected reports and the adverse actions," but that allegation is conclusory. *Id.* ¶ 75.

Plaintiff contends that the timing of events demonstrates a causal connection. *Id.* "The burden of causation can be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). "But mere temporal proximity, without more, must be very close,"

and a "three or four month disparity between the statutorily protected expression and the adverse employment action is not enough." *Id.* (quotation marks omitted).

Here, the temporal proximity is not sufficiently close to demonstrate a causal connection. Plaintiff alleges that he reported unauthorized magazines between March and July 2024 and reported his co-worker's harassment in June 2024. DE 29 ¶¶ 15, 26-27, 73. His employment was terminated over a year later on August 1, 2025, and Defendants reported him to law enforcement about two months later. *Id.* ¶¶ 40, 53. The gap between Plaintiff's reports and the alleged adverse actions is too great to show a causal connection.

Plaintiff also contends that "inconsistent reasons provided for his termination" demonstrates a causal connection. *Id.* ¶ 75. Defendants told him that the termination of his employment was due to a contract issue, and he later learned that an individual stated his employment was terminated because he lied to a parent. *Id.* ¶¶ 41, 48. The Court fails to see how the existence of two reasons for the termination of Plaintiff's employment means that the reasons are inconsistent. An employee may well be terminated for multiple reasons. Multiple reasons for termination, combined with reports more than a year prior to the termination, do not show a causal connection. Plaintiff does not plead facts demonstrating a causal connection between statutorily protected activity and an adverse employment action. Plaintiff's retaliation claims are dismissed for failure to state a claim upon which relief can be granted.

## IV. Conclusion

For the foregoing, Defendants' Motion to Dismiss [31] is **GRANTED**, and the Second Amended Complaint [DE 29] is **DISMISSED**. This dismissal is without prejudice and with leave to amend one final time. If Plaintiff chooses to amend, he must file a Third Amended Complaint

by **September 18, 2026**. His failure to file a Third Amended Complaint by that deadline will result in the dismissal and closure of this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 29th day of August, 2026.

____________________________________

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE